In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00453-CR


____________________



LLOYD DWAIN HOPE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 90500






 MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Lloyd Dwain Hope pled guilty to
aggravated assault. The trial court found the evidence sufficient to find Hope guilty, but
deferred further proceedings, placed Hope on community supervision for seven years, and
assessed a fine of $1000. On July 28, 2008, the State filed a motion to revoke Hope's
unadjudicated community supervision. Hope pled "true" to four violations of the conditions
of his community supervision. The trial court found that Hope violated the conditions of his
community supervision, found Hope guilty of aggravated assault, and assessed punishment
at seven years of confinement.

 Hope's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On December 18, 2008, we granted an extension of time for appellant to file a pro
se brief. We received no response from appellant. We reviewed the appellate record, and
we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we
find it unnecessary to order appointment of new counsel to re-brief the appeal. Compare
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We note that in the section
entitled "Statute for Offense[,]" the judgment incorrectly recites that Hope was charged
under section "22.011(a)(2)(A) Penal Code." This Court has the authority to reform the trial
court's judgment to correct a clerical error. See Tex. R. App. P. 43.2(b); Bigley v. State, 865
S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, we delete this language and substitute
"22.02(a)(1) Penal Code" in its place. We affirm the trial court's judgment as reformed. (1)



 AFFIRMED AS REFORMED.




 _________________________________

 HOLLIS HORTON

 Justice 



Submitted on April 17, 2009

Opinion Delivered May 6, 2009 

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.


1. Appellant may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68.